Hon. Randall L. Dunn
Chapter 7

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re:<br>Brandon Michael Stalwick, dba Pacific Crest Contractors and<br>Colleen Michelle Stalwick, aka Colleen M. Gleeson, aka Michelle Colleen Stalwick, fka Colleen Michelle Gleeson,<br><br>Debtors. | **Case No.: 15-31954-rld7**<br><br>RESPONSE TO UNITUS COMMUNITY CREDIT UNION'S OBJECTION TO NOTICE OF INTENT TO SELL PROPERTY AT PRIVATE SALE |
|---|---|

COMES NOW, Turning Leaf Homes, LLC ("TLH"), would-be purchaser of the proposed sale of the interest relating to the real property identified as 15128 SE Belmore Street, Portland, OR 97236, respectfully files its Response to the Objection filed by Unitus Community Credit Union.

## **AUTHORITY & ARGUMENT**

**Creditor's Objection to the proposed sale is groundless for the following reasons:**

The Trustee in this case has found a purchaser who is willing to pay cash for the interest of the Debtor in the Debtor's residence located at 15128 SE Belmore Street, Portland, OR 97236, and take the Property subject to liens and foreclosure risk. Creditor admits that it has obtained relief from stay and is pursuing foreclosure.

Page 1 – RESPONSE BY TURNING LEAF HOMES, LLC

Creditor raises a number of arguments which go to the issues of the underlying foreclosure proceeding which are not the province of this Court. *In re Baghdasarian*, 2011 WL 4485244, at 5 (9th Cir.BAP 2011); *In re Johnson*, 756 F.2d 738, 740 (9th Cir.1985). The only issue before the Court is whether the proposed sale, which is subject to the lien held by Creditor, is supported by the Trustee's exercise of sound business judgment. Collier on Bankruptcy, 363.02(4) (16th Ed.2014); *In re Lahijani,* 325 B.R. 282, 288-89 (9th Cir.BAP 2005); *In re Fitzgerald,* 428 B.R. 872 (9th Cir.BAP 2010).

### A. Neither the Bankruptcy nor TLH owed the obligation which Creditor insists must be paid in full.

Creditor's objection to the proposed sale as a violation of the due-on-sale clause is unfounded because the sale is not made by the Debtor. Neither the Trustee nor TLH violated the provisions of the Trustee Deed because they are not parties to said agreement. Further, regarding the acceleration of the debt, Creditor had already accelerated the debt and demanded the entire amount from the Debtor on the ground of default. Thus, Creditor's reliance on the due-on-sale-acceleration clause of the Trust Deed is a disingenuous attempt to confuse the issue. Creditor cannot demand full payment from TLH as the would-be purchaser because TLH is not the Borrower and does not owe any debt to Creditor.

Next, Creditor misquoted the provision of the Code, §362(d)(4), which applies to the sale of property free of all encumbrances, which this sale is NOT. Trustee's authority for the proposed transaction is derived from §363(b) authorizes a trustee, after notice and a hearing, to use, sell, or lease property of the estate outside of the ordinary course of business. A trustee must show: 1) a sound business reason exists to sell the property; 2) adequate and reasonable

Page 2 – RESPONSE BY TURNING LEAF HOMES, LLC

John Griffiths, LLC
PO Box 681
Beaverton, Oregon 97075
Telephone: (503) 626-1951

Case 15-31954-rld7    Doc 31    Filed 08/18/15

notice of the terms has been given to parties in interest; 3) the proposed sale price is fair and reasonable; and 4) the buyer has acted in good faith. Creditor has failed to discuss any of these elements because it has deliberately relied on the wrong provision for support of its objection.

### B. Sale of Property is consistent with the Trustee's Good Business Judgment

The Creditor appears to argue that the Trustee owes a duty to Creditor to collect a full payment for the mortgage debt as between the Creditor and the Debtor. Nothing can be further than the truth. Among many duties, a Chapter 7 trustee's first-listed duty under 11 U.S.C.S. § 704(a) (1) **is to collect and reduce to money the property of the estate for which he serves**, and close such estate as expeditiously as is compatible with the best interests of parties in interest. Once property is surrendered to the trustee, he must determine how to administer estate property--whether to sell the property pursuant to 11 U.S.C.S. § 363 or 11 U.S.C.S. § 522(f), abandon it pursuant to 11 U.S.C.S. § 554, or otherwise dispose of it pursuant to 11 U.S.C.S. § 724 or 11 U.S.C.S. § 725. The proposed transaction will result in additional cash that the estate otherwise would not receive.

### C. Counsel has chosen to repeat arguments that were rejected by this Honorable Judge

Last but not least, transactions similar to the proposed sale have been approved by the Court several times on good business judgment ground. In two separate matters, counsel for the Creditor, Jennifer Aspaas, was involved as creditor's counsel therein and as result, has been fully informed of the Court's position on the Trustee's sale of this type of interest, which is the transaction between TLH and the bankruptcy trustees meets the good judgment rule. [1] In fact, counsel was before this Honorable Judge just a few months ago in the matter known as *In re*

---

[1] TLH's Decl. Exhibits A-D, *In re Ronda Jean White*, 11-34804; *In re Carlton*, 14-33124.

Page 3 – RESPONSE BY TURNING LEAF HOMES, LLC

John Griffiths, LLC
PO Box 681
Beaverton, Oregon 97075
Telephone: (503) 626-1951

*Carlton*, when her objection was overruled. Counsel's continuing submission of arguments which had been rejected by the Court should be disallowed.

DATED this 18th day of August, 2015.

        */s/ John M. Griffiths*
        _____
        John M. Griffiths, OSB No. 970600
        Of Attorneys for Turning Leaf Homes, LLC.

Page 4 – RESPONSE BY TURNING LEAF HOMES, LLC

John Griffiths, LLC
PO Box 681
Beaverton, Oregon 97075
Telephone: (503) 626-1951

Case 15-31954-rld7   Doc 31   Filed 08/18/15